Alan Harris (SBN 146079)
Min Ji Gal (SBN 311963)
**HARRIS & RUBLE**
655 North Central Avenue, 17th Floor
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
harrisa@harrisandruble.com
mgal@harrisandruble.com
*Attorneys for Plaintiff Andascha Moore-Pryor*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDASCHA MOORE-PRYOR, individually, on behalf of all others similarly situated, and as an aggrieved employee under the Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>FNJ STUDIOS, LLC, a Delaware limited liability company; NATHAN SCHERRER, an individual; ALEX MARTINI, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. _____<br><br>**CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT: JURY DEMAND**<br>1.   Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 216(b);<br>2.   Untimely payment of wages, Cal. Lab. Code (the "Code") §§ 201.3, 201.5, 203, 204, and 204b;<br>3.   Wage Statements, Code § 226(a);<br>4.   Breaks, Code §§ 226.7 and 512; IWC Wage Orders 4 and/or 12;<br>5.   Overtime, Code §§ 510 and 1194;<br>6.   Minimum Wage, Code §§ 1182.12, 1194, and 1194.2<br>7.   Business Expenses, Code § 2802<br>8.   Unfair Competition, Cal. Bus. & Prof. Code § 17200 et seq.<br>9.   Implied Contract of Employment<br>10.   Failure to Provide Records, Code §§ 226(b), 432 and 1198.5<br>11.   Civil Penalties, Code § 2698 et seq. |

Plaintiff ANDASCHA MOORE-PRYOR ("Plaintiff"), by and through her counsel, alleges on personal knowledge as to herself and her own acts, and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     This is a hybrid wage-and-hour action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; Federal Rule of Civil Procedure 23; California's Private Attorneys General Act ("PAGA"), Code § 2698 et seq.; and related California law. Plaintiff seeks relief for herself, an FLSA collective of similarly situated workers, a California class, and aggrieved employees.

2.     FNJ Studios, LLC ("FNJ") operates a motion-picture and still-photography production business. FNJ hires short-term production crews, assigns them to client productions, sets or approves their compensation, controls their working conditions, approves their time records, and funds payroll through a third-party payroll administrator.

3.     FNJ stated in Plaintiff's written wage notice that she would be paid weekly and that its regular payday was every Friday. Exhibit 1 is a collection of California Wage Theft Prevention Forms issued to various FNJ employees, each representing that the "Regular pay period [is] weekly" and the "Regular pay day [is] every Friday."  Yet FNJ structured payroll so that wages could not be released until timecards were processed, multiple approvals were obtained, and FNJ supplied the payroll administrator with advice that the regular pay period would be weekly, the money needed to fund payroll, various taxes, and the fees of the payroll administrator. FNJ did not establish a system which was routinely capable of completing those steps by the promised and legally required payday, perhaps partially explaining the Defendants' routine failure to pay timely wages.

4.     Plaintiff worked as a nonexempt driver on FNJ's "GER" Project on August 17, 2025, at a stated regular rate of $25.00 per hour. Her wages for the workweek ending August 22, 2025, were due no later than FNJ's regular payday, Friday, August 29, 2025. FNJ did not pay those wages by that date; the paycheck was not prepared until on or after

Wednesday, September 3, 2025. Exhibit 2 is a copy of the Wage Statement Issued to Plaintiff by FNJ.

5. Under Biggs v. Wilson, 1 F.3d 1537, 1538–40 (9th Cir. 1993), compensation required by the FLSA is "unpaid" when the employer fails to pay it on the employee's regular payday. Plaintiff therefore asserts an FLSA minimum-wage claim based on FNJ's untimely payment. The proposed FLSA Collective includes covered production workers in California whose wages were not paid in full on their regular payday.

6. Plaintiff also alleges that FNJ failed to pay for all compensable time; used rounding practices which are illegal under California state law; fixed meal deductions at exactly thirty or sixty minutes; employed artificial call and wrap times that omitted pre-call and post-wrap work; failed to provide duty-free meal and rest periods or pay required premium wages; failed to reimburse required cell-phone, GPS, and equipment expenses; issued inaccurate wage statements; and failed to provide requested payroll and personnel records.

7. The Individual Defendants exercised operational control over FNJ's productions, working conditions, payroll practices, and compensation policies. They are employers under the FLSA's economic-realities test and are also liable to the extent authorized by California Code § 558.1 and other applicable law.

## JURISDICTION AND VENUE

8. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the FLSA, including a collective action under 29 U.S.C. § 216(b). Her FLSA Consent Form is Exhibit 3 hereto.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's California claims because they arise from the same employment relationships, compensation practices, payroll systems, timekeeping practices, and production policies as the FLSA claim and form part of the same case or controversy.

10. FNJ is an enterprise engaged in commerce or in the production of goods for

commerce within 29 U.S.C. §§ 203(r) and 203(s). On information and belief, FNJ's annual gross volume of sales made or business done exceeded $500,000 during the relevant period. FNJ and its employees used interstate telephone, email, digital payroll, banking, GPS, and production systems and handled equipment, supplies, and materials that moved in interstate commerce.

11.     Plaintiff and the members of the FLSA Collective were individually engaged in commerce or in the production of goods for commerce because their production work required interstate communications, electronic timekeeping and payroll, digital data transmission, GPS navigation, and the handling of production equipment and materials that moved through interstate commerce.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants transact business in Los Angeles County, Plaintiff performed the work at issue in this District, and a substantial part of the acts and omissions giving rise to the claims occurred in this District.

13.     This Court has personal jurisdiction over Defendants because they conducted the challenged employment and production activities in California and the claims asserted by Plaintiff, the California-limited FLSA Collective, the California Class, and the aggrieved employees arise from those California activities.

## PARTIES

14.     Plaintiff Andascha Moore-Pryor is an individual who resides in Los Angeles County, California. At all relevant times, she was a covered, nonexempt employee under the FLSA and California law.

15.     Defendant FNJ Studios, LLC is a Delaware limited liability company that conducted and continues to conduct production business in Los Angeles County, California. FNJ employed Plaintiff and the workers described below.

16.     Defendant Nathan Scherrer is an individual who, on information and belief, was an owner, partner, officer, managing agent, producer, and executive producer of FNJ.

Scherrer was physically present on productions, exercised authority over production operations, controlled or influenced wages, hours, working conditions, payroll approval and funding, and caused or ratified the practices alleged here.

17.     Defendant Alex Martini is an individual who, on information and belief, was a co-founder, owner, officer, or managing agent of FNJ. Martini exercised authority over scheduling, production oversight, working conditions, payroll practices, compensation policies, and employment-related financial decisions, and caused or ratified the practices alleged here.

18.     Scherrer and Martini acted directly or indirectly in FNJ's interest in relation to its employees and exercised operational control over the nature and structure of the employment relationship. They are employers under 29 U.S.C. § 203(d). See Boucher v. Shaw, 572 F.3d 1087, 1091 (9th Cir. 2009).The true names and capacities of Defendants sued as DOES 1 through 10 are presently unknown. Plaintiff will seek leave to amend when their identities and roles are learned. Each Doe Defendant participated in, controlled, caused, ratified, or benefited from the acts alleged here.

## EMPLOYMENT RELATIONSHIP AND COMMON PAYROLL SYSTEM

19.     FNJ contracts with clients and advertising agencies to produce motion-picture, commercial, and still-photography content. FNJ negotiates production terms, identifies the location and timing of services, determines crew assignments, sets or approves rates, retains authority to hire and terminate workers, and pays workers through payroll accounts and payroll administrators.

20.     FNJ is an employer under the FLSA and the applicable Industrial Welfare Commission wage orders because it employed, suffered or permitted, and exercised control over the wages, hours, and working conditions of Plaintiff and the putative collective and class members.

21.     FNJ also qualifies, or acted in the manner of, a "temporary services employer" under Code § 201.3 by contracting with clients to supply production workers,

determining their assignments, setting or approving their rates, paying them through payroll accounts, and retaining hiring and termination authority. In the alternative, FNJ was subject to the motion-picture payment provisions of Code § 201.5 and the regular-payday requirements of Code §§ 204 and 204b.

22. FNJ used TakeOne Network Corp. dba Wrapbook ("Wrapbook") as a payroll administrator. Wrapbook's role did not transfer FNJ's nondelegable duties to record all hours, pay all wages, authorize compliant breaks, reimburse necessary expenses, and furnish accurate wage statements.

23. FNJ's common payroll process required workers to complete onboarding documents and timecards; required production personnel to review and approve time entries and coded expenses; required the payroll administrator to prepare a draft invoice; required FNJ to approve the invoice; and required FNJ to fund the invoice before the payroll administrator would release paychecks.

24. FNJ did not maintain sufficient capital, staffing, controls, deadlines, or exception procedures to complete this common process by the regular payday. Delays in onboarding, timecard review, invoice approval, client funding, or FNJ's transfer of payroll funds were passed to employees in the form of late paychecks.

25. Defendants knew the regular payday was each Friday because FNJ's wage notices identified a weekly pay period and "Every Friday" as the regular payday. Defendants knew the filing status of each employee and made Federal Income Tax withholdings based on use of the IRS Publications which established the varying amounts owing to the IRS when the employer used a weekly, bi-weekly or semi-monthly payroll system.

26. Defendants nevertheless adopted or maintained a payroll system that routinely failed to make timely payments.

27. Under both federal and California law, Defendants remained responsible for timely payment even if they delegated ministerial payroll functions to Wrapbook or awaited payments from a client or advertising agency.

**PLAINTIFF'S EMPLOYMENT AND INJURIES**

28.    FNJ hired Plaintiff to work as a driver on the "GER" Project on August 17, 2025. FNJ's written California Wage Theft Prevention Form identified FNJ as the hiring employer, stated a regular hourly rate, designated a weekly pay period, and promised a regular payday every Friday.

29.    Plaintiff performed the work FNJ assigned. Her compensable work included production duties, required availability, communications, navigation, and pre-call and post-wrap activities undertaken for FNJ's benefit and under its control.

30.    The payroll period associated with Plaintiff's work ended on or about August 23, 2025. Her wages were due no later than Friday, August 29, 2025. FNJ did not pay her on that payday; her paycheck was not even prepared until on or after September 3, 2025.

31.    When August 29, 2025, passed without payment, at least the federal minimum wages attributable to Plaintiff's compensable work became "unpaid" under the FLSA. Defendants' later payment did not erase the completed violation or Plaintiff's right to statutory remedies, including liquidated damages.

32.    Plaintiff was not paid for all compensable time. Defendants' timekeeping practices omitted or reduced time associated with required parking, transportation to and from base camp, pre-call preparations, post-wrap duties, required communications, and other work performed before or after recorded times.

33.    Plaintiff's production shift and compensable pre-call and post-wrap time caused her to work overtime under California law. Defendants failed to record and pay all daily overtime and, where applicable to collective members, failed to pay weekly overtime required by the FLSA.

34.    Defendants also used rounding, artificial call and wrap times, and fixed meal deductions that operated to reduce recorded work time rather than capture all time actually worked.

35.    Plaintiff and other workers were required to remain on or near the set and to

keep radios, walkie-talkies, or cell phones on, audible, and available during purported meal and rest periods. They were not relieved of all duties and were not free to use the periods for their own purposes.

36.     Defendants did not pay Plaintiff the one-hour meal-period and rest-period premiums required by Code § 226.7 for noncompliant breaks.

37.     FNJ required Plaintiff to provide and use a personal cell phone, data service, GPS navigation, and related equipment for onboarding, timekeeping, calls, texts, emails, routing, photographs, and other work communications. Defendants knew or had reason to know of these expenses but did not reimburse them.

38.     Plaintiff's wage statement did not accurately report all compensable hours, all applicable rates, all wages and break premiums earned, the inclusive dates of the pay period, and the identity and address of the legal employer in a manner that allowed Plaintiff to determine the required information promptly and easily from the statement alone.

39.     On or about October 7, 2025, Plaintiff requested payroll records under Code § 226(b) and personnel records under Code § 1198.5. Defendants did not provide the payroll records within 21 days or the personnel records within 30 days and, as of the drafting of this Complaint, still had not produced the requested records.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings the First Cause of Action under 29 U.S.C. § 216(b) for herself and the following FLSA Collective: All current and former nonexempt employees of FNJ who performed production-related work in California during the three years preceding the filing of this action through final disposition and whose minimum wages and/or overtime compensation required by the FLSA were not paid on their regular payday.

41.     Excluded are persons who were not covered by the FLSA, persons who were exempt from the minimum-wage and overtime requirements at issue, Defendants,

members of Defendants' immediate families, and judicial officers assigned to this action and their staff.

42.    Plaintiff and the FLSA Collective are similarly situated because they were subject to the same material payroll system and practice: FNJ conditioned release of wages on completion of a multi-step onboarding, timecard, invoice-approval, client-funding, and payroll-funding process that was not designed or administered to ensure payment on the regular payday.

43.    The collective members share a similar issue of law or fact material to the disposition of their FLSA claims: whether Defendants' failure to pay FLSA-required compensation on the regular payday rendered those wages "unpaid" under Biggs and 29 C.F.R. § 778.106. This common issue satisfies the similarly situated standard articulated in Campbell v. City of Los Angeles, 903 F.3d 1090, 1117 (9th Cir. 2018)("Party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims.").

44.    The same payroll and time records identify the workers, workweeks, regular paydays, check dates, minimum wages, overtime compensation, and length of each delay. These records permit collective resolution using common proof.

45.    Defendants' violations were willful. Defendants knew the regular payday, issued wage notices promising weekly Friday payment, controlled payroll approval and funding, and continued to use a system that delayed payment beyond payday. The three-year limitations period under 29 U.S.C. § 255(a) therefore applies.

46.    Plaintiff is filing a written consent to join this action as required by 29 U.S.C. §§ 216(b) and 256. (Exhibit   ).  Other similarly situated employees may join by filing written consents.

**FEDERAL RULE OF CIVIL PROCEDURE 23 CLASS ALLEGATIONS**

47.    Plaintiff brings the California claims, except the individual records claim, under Federal Rule of Civil Procedure 23 on behalf of the following California Class:

"All persons issued wage statements by FNJ which identify FNJ as the 'Controlling Employer' at any time during the four years preceding the filing of this action through final judgment."

48. After class discovery Plaintiff may identify certain subclasses, including without limitation: (a) the Late-Pay Subclass—California Class members whose wages were not paid by the regular or statutory payday; (b) the Break Subclass—California Class members who worked qualifying shifts without compliant meal and/or rest periods and without required premiums; (c) the Wage-Statement Subclass—California Class members who received wage statements omitting or misstating required information; and (d) the Expense Subclass—California Class members required to use personal cell phones, data, GPS, equipment, or supplies without full reimbursement.

49. Excluded are Defendants, their officers, directors, and full-time staff employees as well as members of their immediate families, judicial officers assigned to this action and their staff, and any person who validly releases the claims at issue.

50. The Class and Subclasses are sufficiently numerous that joinder is impracticable. Their members are identifiable from FNJ's and its payroll administrators' personnel, payroll, timekeeping, production, invoice, reimbursement, and communication records.

51. Common questions include: whether FNJ was the employer; whether the class was employed as temporary workers, required to be paid each week under Code section 201.5; whether the Individual Defendants exercised operational control or caused the violations; whether FNJ's payroll process caused wages to be paid after the regular or statutory payday; whether the timekeeping system captured all compensable time; whether common rounding, call-time, wrap-time, meal-deduction, and break-availability practices were lawful; whether wage statements accurately reported all required information; and whether workers were required to use personal devices or equipment.

52. Plaintiff's claims are typical because they arise from the same payroll, timekeeping, break, expense, and wage-statement practices applied to the Class and

Subclasses.

53.    Plaintiff will fairly and adequately protect the interests of the Class and Subclasses. She has no conflict with absent members and has retained counsel experienced in wage-and-hour, class, collective, and PAGA litigation.[1]

54.    Common questions predominate because liability turns principally on standardized wage notices, payroll workflows, timekeeping rules, production practices, wage statements, and reimbursement practices. Individual damages can be calculated from Defendants' records and do not defeat predominance.

55.    A class action is superior because separate actions would duplicate proof, risk inconsistent adjudications, burden employees with claims too small to litigate individually, and allow Defendants to retain the benefits of uniform unlawful practices.

56.    Plaintiff seeks certification under Rule 23(b)(3), appointment as class representative, and appointment of Harris & Ruble as class counsel.

## PAGA ALLEGATIONS

57.    Plaintiff was employed by FNJ and personally suffered each Code violation for which she seeks PAGA penalties, including the late-payment, unpaid-wage, wage-statement, meal-and-rest-period, overtime, minimum-wage, expense-reimbursement, and records violations alleged in this Complaint.

58.    On February 9, 2026, Plaintiff submitted a PAGA notice to the Labor and Workforce Development Agency ("LWDA") through its online filing system and sent notice to Defendants identifying the Code provisions and the facts and theories supporting the alleged violations.

59.    More than 65 calendar days elapsed after the notice without notice that the LWDA intended to investigate, and the statutory waiting period expired before this action was commenced. On information and belief, Defendants did not timely cure the

---

[1] E.g., Bithell v. E.P. Mgmt. Servs., 2007 Cal. App. Unpub. LEXIS 9706, *3 (2006).

violations in the manner required by current Code §§ 2699 and 2699.3.

60. Plaintiff seeks civil penalties on behalf of herself and other current or former employees against whom Defendants committed the same noticed violations during the applicable PAGA period, subject to the current statutory limitations, anti-stacking provisions, cure provisions, and distribution formula.

61. Plaintiff will provide the LWDA with a file-stamped copy of the complaint and case number within the time required by Code § 2699.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act—Late Payment of Wages**
**(29 U.S.C. §§ 206, 207, and 216(b); Plaintiff and the FLSA Collective Against All Defendants)**

62. Plaintiff incorporates all paragraphs herein as though fully set forth here.

63. Plaintiff and the FLSA Collective were covered, nonexempt employees. Defendants were their employers under 29 U.S.C. § 203(d).

64. The FLSA requires payment of the federal minimum wage under 29 U.S.C. § 206 and overtime compensation under 29 U.S.C. § 207. Under Biggs, those amounts are unpaid if not paid on the regular payday. Overtime is ordinarily due on the regular payday for the pay period in which it was earned. 29 C.F.R. § 778.106.

65. Defendants failed to pay Plaintiff the FLSA minimum wages attributable to her compensable work by the regular payday of August 29, 2025. Plaintiff's statutory minimum wages became unpaid when that payday passed.

66. Defendants similarly failed to pay Collective Members the minimum wages and, where applicable, overtime compensation required by the FLSA on their regular paydays.

67. The violations were willful and were not based on objectively reasonable, good-faith grounds. Plaintiff and the Collective Members are entitled to recover unpaid minimum wages and overtime compensation to the extent not already paid, an equal amount as liquidated damages, reasonable attorneys' fees, costs, and all other relief

12
COMPLAINT

authorized by 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**Untimely Payment of Wages and Waiting-Time Penalties**
**(Cal. Lab. Code §§ 201.3, 201.5, 203, 204, and 204b; Plaintiff and the Late-Pay**
**Subclass Against FNJ and Other Liable Defendants)**

68.     Plaintiff incorporates all paragraphs herein as though fully set forth here.

69.     FNJ was required to pay production workers no less frequently than weekly under Code § 201.3, to comply with the motion-picture payment rules in § 201.5 where applicable, and in all events to comply with the regular-payday requirements of §§ 204 and 204b.

70.     Defendants failed to pay Plaintiff and Late-Pay Subclass members all wages by the applicable regular or statutory payday. Client-payment delays, payroll-administrator procedures, and internal approval or funding delays did not excuse compliance.

71.     To the extent employment ended and final wages remained unpaid, Defendants' failure was willful. Plaintiff and qualifying Subclass members are entitled to waiting-time penalties under Code § 203 for up to 30 days, statutory penalties and damages, interest, and attorneys' fees and costs as authorized by law.

72.     Scherrer and Martini are liable to the extent they are joint employers and/or caused violations within Code § 558.1, including violations giving rise to § 203 liability.

## THIRD CAUSE OF ACTION
**Failure to Furnish Accurate Itemized Wage Statements(Cal. Lab. Code § 226(a);**
**Plaintiff and the Wage-Statement Subclass Against FNJ and Other Liable**
**Defendants)**

73.     Plaintiff incorporates all paragraphs herein as though fully set forth here.

74.     Defendants knowingly and intentionally furnished wage statements that omitted or misstated one or more items required by Code § 226(a), including total hours, applicable rates, gross or net wages, inclusive pay-period dates, legally required break

premiums, and the legal employer's name and address.

75.     Plaintiff and Wage-Statement Subclass members were injured because they could not promptly and easily determine the required information from the wage statement alone and were forced to reconstruct hours, rates, wages, premiums, and employer identity from other records.

76.     Plaintiff and the Wage-Statement Subclass are entitled to actual or statutory damages under § 226(e), injunctive relief to the extent available, reasonable attorneys' fees, costs, and all other relief authorized by law.

77.     Scherrer and Martini are liable as joint employers and/or to the extent authorized by Code § 558.1.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Meal and Rest Periods and Pay Premium Wages**
**(Cal. Lab. Code §§ 226.7 and 512; IWC Wage Order 12 and, in the Alternative, Wage Order 4; Plaintiff and the Break Subclass Against FNJ and Other Liable Defendants)**

78.     Plaintiff incorporates all paragraphs herein as though fully set forth here.

79.     Defendants failed to authorize and permit compliant paid rest periods and failed to provide timely, uninterrupted meal periods during which employees were relieved of all duty.

80.     Defendants required Plaintiff and Break Subclass members to remain on or near the set, stay reachable by radio or cell phone, respond to production needs, and remain within permitted production boundaries during purported breaks. These periods were not duty-free.

81.     Defendants did not pay one additional hour at the regular rate of compensation for each workday on which a compliant meal period was not provided and one additional hour for each workday on which a compliant rest period was not authorized and permitted.

82.     Plaintiff and the Break Subclass are entitled to unpaid premium wages, interest, derivative remedies, reasonable attorneys' fees and costs where authorized, and

other relief according to proof.

83.     Scherrer and Martini are liable as joint employers and/or to the extent authorized by Code § 558.1.

**FIFTH CAUSE OF ACTION**
**Unpaid Overtime Compensation**
**(Cal. Lab. Code §§ 510 and 1194; Plaintiff and the California Class Against FNJ and Other Liable Defendants)**

84.     Plaintiff incorporates all paragraphs herein as though fully set forth here.

85.     Defendants failed to pay all daily and weekly overtime compensation required by California law. The underpayment resulted from inadequate funding of the payroll accounting function, relying on customer payments and vendor and union refunds rather than sufficient entity capitalization as a source for required tax and wage payments, omitted pre-call and post-wrap time, remote-parking and base-camp travel, required communications, rounding, artificial call and wrap times, fixed meal deductions, and other uncompensated work, including inappropriate delays caused by the improper us of "grace" to excuse prompt meals, even applying grace to nonunion workers and others who are free from the application of grace. Defendants routinely and systematically caused thirty or sixty minute reductions of work time due to deduction of time worked during faux meal periods, during which meal period times industry practice as articulated in various Codes of Professional Conduct were limited to periods during which the workers were to remain on or near set, eating meals in designated areas only.

86.     Plaintiff and California Class members are entitled to recover the unpaid balance of overtime compensation, interest, reasonable attorneys' fees, costs, and all other relief authorized by the Code.

87.     Scherrer and Martini are liable as joint employers and/or to the extent authorized by Code § 558.1 as well as the overtime statute.

**SIXTH CAUSE OF ACTION**
**Unpaid Minimum Wages and Liquidated Damages(Cal. Lab. Code §§ 1182.12, 1194, and 1194.2; Plaintiff and the California Class Against FNJ and Other Liable Defendants)**

88.     Plaintiff incorporates all paragraphs herein as though fully set forth here.

89.     Defendants failed to pay Plaintiff and California Class members for all compensable time, including required pre-call and post-wrap activities, communications, transportation from required parking or staging areas, and work during purported meal or rest periods.

90.     For workweeks in which compensation divided by compensable hours fell below the applicable California minimum wage, Defendants violated the minimum-wage requirements. Full wages must be paid each week rather than combining two weeks of wages into a single payment.

91.     Plaintiff and the California Class are entitled to unpaid minimum wages, liquidated damages in an equal amount as authorized by Code § 1194.2, interest, reasonable attorneys' fees, costs, and other relief according to proof.

92.     Scherrer and Martini are liable as joint employers and/or to the extent authorized by Code § 558.1.

**SEVENTH CAUSE OF ACTION**
**Failure to Reimburse Necessary Business Expenses**
**(Cal. Lab. Code § 2802; Plaintiff and the Expense Subclass Against FNJ and Other Liable Defendants)**

93.     Plaintiff incorporates all paragraphs herein as though fully set forth here.

94.     FNJ required Plaintiff and Expense Subclass members to use personal cell phones, data plans, GPS navigation, computer equipment, production equipment, vehicles, supplies, or other resources in direct consequence of their duties.

95.     Defendants knew or had reason to know that workers incurred these necessary expenditures, including the expense of acquiring and maintaining the personal cell phones,  but failed to reimburse a reasonable percentage or the full amount required

by Code § 2802.

96. Plaintiff and the Expense Subclass are entitled to reimbursement, prejudgment interest from the date each expense was incurred, reasonable attorneys' fees, costs, and other relief authorized by § 2802.

97. Scherrer and Martini are liable as joint employers and/or to the extent authorized by Code § 558.1.

## EIGHTH CAUSE OF ACTION
### Unfair Competition(Cal. Bus. & Prof. Code § 17200 et seq.; Plaintiff and the California Class Against All Defendants)

98. Plaintiff incorporates all paragraphs herein as though fully set forth here.

99. Defendants' failure to pay all wages and premiums, timely pay earned compensation, reimburse necessary expenses, and comply with the FLSA, Code, and wage orders constitutes unlawful and unfair business conduct within Business and Professions Code § 17200.

100. Defendants obtained an unfair competitive advantage and retained money belonging to Plaintiff and Class members by delaying or withholding wages, premiums, and reimbursable expenses.

101. Plaintiff seeks restitution of wages and other money in which Plaintiff and Class members have a vested ownership interest, prejudgment interest, and other equitable relief authorized by law. Plaintiff does not seek UCL penalties or nonrestitutionary damages.

## NINTH CAUSE OF ACTION
### Breach of Implied Employment Contract(Plaintiff and the Class Against FNJ and Any Defendant Found to Be a Party to the Employment Agreement)

102. Plaintiff incorporates all paragraphs herein as though fully set forth here.

103. Through FNJ's hiring communications, wage notices, payroll practices, and course of conduct, Defendants entered implied employment agreements promising to pay

agreed rates for all work and to pay weekly on the regular Friday payday.

104. Plaintiff and Late-Pay Subclass members performed the work required of them. Defendants breached the agreements by failing to pay all agreed compensation, failing to pay on the promised payday, making unauthorized deductions or omissions, and failing to reimburse agreed or necessarily incurred production expenses.

105. Plaintiff and the Class suffered contract damages in amounts to be proven and seek prejudgment interest, costs, and attorneys' fees to the extent authorized by contract or statute.

### TENTH CAUSE OF ACTION
### Failure to Provide Payroll and Personnel Records
### (Cal. Lab. Code §§ 226(b), 432 and 1198.5; Plaintiff Individually Against FNJ)

106. Plaintiff incorporates all paragraphs herein as though fully set forth here.

107. Plaintiff made a written request on or about October 7, 2025 to inspect or receive copies of payroll records under Code § 226(b) and personnel records under Code § 1198.5.

108. FNJ failed to provide payroll records within 21 days and failed to provide personnel records within 30 days.

109. Plaintiff seeks the statutory penalties authorized by Code §§ 226(f) and 1198.5(k), injunctive relief compelling production to the extent available, reasonable attorneys' fees and costs where authorized, and other appropriate relief.

### ELEVENTH CAUSE OF ACTION
### Civil Penalties Under the Private Attorneys General Act
### (Cal. Lab. Code § 2698 et seq.; Plaintiff on Behalf of the State and Aggrieved
### Employees Against Defendants)

110. Plaintiff incorporates all paragraphs herein as though fully set forth here.

111. Plaintiff exhausted the administrative prerequisites in Code § 2699.3 and is an aggrieved employee within current Code § 2699(c).

112. Defendants violated the Code provisions identified in Plaintiff's PAGA notice, including §§ 201.3, 201.5, 203, 204, 204b, 226, 226.7, 432, 510, 512, 558, 1194,

1197, 1198, 1198.5, and 2802, and the applicable wage orders.

113. Plaintiff seeks the civil penalties authorized by current law for violations committed against Plaintiff and other current or former employees against whom Defendants committed the same provisions, subject to Code § 2699's limitations, cure provisions, penalty reductions, and weekly-pay-period adjustment.

114. Plaintiff also seeks the statutory allocation of recovered penalties, reasonable attorneys' fees and costs, and injunctive or other relief authorized by Code § 2699.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

A. Certifying the proposed FLSA Collective under 29 U.S.C. § 216(b), authorizing notice, and appointing Plaintiff and her counsel to represent the Collective;

B. Awarding Plaintiff and Collective Members unpaid minimum wages and overtime compensation to the extent not already paid, an equal amount as liquidated damages, reasonable attorneys' fees, and costs under the FLSA;

C. Certifying the California Class and Subclasses under Rule 23(b)(3), appointing Plaintiff as class representative, and appointing Harris & Ruble as class counsel;

D. Awarding unpaid regular wages, minimum wages, overtime wages, meal-period and rest-period premiums, reimbursement of necessary expenses, waiting-time penalties, wage-statement damages, statutory penalties, contract damages, restitution, and other monetary relief according to proof;

E. Awarding civil penalties under PAGA for distribution in accordance with current Code § 2699;

F. Awarding prejudgment and postjudgment interest at the lawful rates;

G. Awarding reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), Code §§ 1194, 226, 2802, and 2699, Code of Civil Procedure § 1021.5, and all other applicable authority;

H.     Granting declaratory, equitable, and injunctive relief to the extent Plaintiff has standing and the relief is authorized by law; and

I.     Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 28, 2026                          **HARRIS & RUBLE**

By: _/s/ *Alan Harris*__
Alan Harris
Min Ji Gal
*Attorneys for Plaintiff*
*Andascha Moore-Pryor*

COMPLAINT

## **Index to Exhibits**

Exhibit 1      Wage Theft Prevention Act Forms

Exhibit 2      Plaintiff's Wage Statement

Exhibit 3      Plaintiff's FLSA Consent Form

COMPLAINT